UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHELE GRAY,

                        Plaintiff,

            -v-                              1:20-CV-713

NESTLE WATERS
NORTH AMERICA, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

MICHELE GRAY
Plaintiff, Pro Se
279 Troy Road Suite #9-174
Rensselaer, NY 12144

WILSON, ELSER LAW FIRM            PETER A. LAURICELLA, ESQ.
Attorneys for Defendant
200 Great Oaks Boulevard, Suite 228
Albany, NY 12203

WILSON, ELSER LAW FIRM            THOMAS M. DEMICCO, ESQ.
Attorneys for Defendant
1133 Westchester Avenue
White Plains, NY 10604

WILSON, ELSER LAW FIRM            MARIELLE A. MOORE, ESQ.
Attorneys for Defendant
150 East 42nd Street, 21st Floor
New York, NY 10017

DAVID N. HURD
United States District Judge

<u>**MEMORANDUM-DECISION and ORDER**</u>

## I. <u>INTRODUCTION</u>

On June 29, 2020, *pro se* plaintiff Michele Gray ("Gray" or "plaintiff") filed this action against defendant Nestle Waters North America ("Nestle" or "defendant").  Dkt. No. 1.  Plaintiff alleges she became ill after consuming some Poland Spring water.  *Id*.  Along with her complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"), moved for the appointment of counsel to represent her, and sought permission to participate in the Court's electronic filing system.  Dkt. Nos. 2, 3, 4.

On July 31, 2020, U.S. Magistrate Judge Daniel J. Stewart granted Gray's IFP Application, Dkt. No. 6, denied her motions for counsel and to participate in electronic filing, Dkt. No. 7, and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to replead, *id*.

As Judge Stewart explained, Gray's complaint failed to conform with basic federal pleading standards because, *inter alia*, it did not plead a proper basis for jurisdiction and failed to "make clear what claims Plaintiff intends to assert and on what legal theory each claim is based."  Dkt. No. 7.

On August 27, 2020, this Court adopted the R&R.  Dkt. No. 15.  However, because Gray had already filed an amended pleading[1] while the R&R was pending, Dkt. No. 12, the Court referred her amended complaint back to Judge Stewart for an initial review.[2]  Dkt. No. 15.    Rather than wait for that initial review, Nestle answered the amended complaint and the parties proceeded to discovery.[3]  *See* Dkt. No. 18.

Judge Stewart repeatedly intervened to keep this case moving toward a resolution.  *See, e.g.*, Dkt. Nos. 32, 38, 41, 45, 47.  The matter was later reassigned to U.S. Magistrate Judge Thérèse Wiley Dancks, Dkt. No. 49, who also took on an active role in helping the parties move toward the conclusion of the discovery process.  Dkt. Nos. 50, 52, 55, 58.

Finally, on May 16, 2022, Nestle moved for summary judgment under Federal Rule of Civil Procedure ("Rule") 56.  Dkt. No. 65.  Gray opposed and cross-moved for summary judgment in her own favor.  Dkt. No. 68.  The

---

[1] The initial complaint and the amended pleading both reference "M.G.," a minor, as a second named plaintiff.  A litigant in federal court has a right to act as his or her own counsel.  But the right ends there.  A *pro se* litigant cannot represent others.  That is true even if plaintiff is M.G.'s parent or legal guardian.  *See, e.g.*, *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.").  In short, "M.G." is not a proper plaintiff in this action.  Accordingly, "M.G." will not be referenced further.

[2] Gray also requested the entry of default against Nestle, Dkt. No. 14, which was refused by the Clerk of the Court on August 27, 2020, Dkt. No. 16.

[3] Gray initially named "Poland Spring water" as a defendant.  Dkt. No. 1.  The parties later stipulated to amend the caption to identify Nestle as the proper defendant.  Dkt. No. 26.  The Court "so ordered" the change on November 5, 2020.  Dkt. No. 28.

motions are fully briefed and will be decided on the basis of the submissions without oral argument.

## II.  **BACKGROUND**[4]

In October of 2019, Gray began consuming Poland Spring water.  Def.'s Facts, Dkt. No. 65-1 ¶ 11.  In 2020, plaintiff made several purchases of Poland Spring water from Market 32, a grocery vendor located in Troy, New York.  *Id*. ¶¶ 12–13.  However, on June 23, 2020, plaintiff stopped drinking Poland Spring water because it made her ill.  *Id*. ¶¶ 14–15, 17–19.  Plaintiff contends that Poland Spring water contains bacteria and/or other harmful contaminants.  *Id*. ¶¶ 28–29.

## III.  **LEGAL STANDARD**

The entry of summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  An issue of fact is material for purposes of this inquiry if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.

---

[4] For reasons explained *infra*, these facts are taken from Nestle's Rule 56.1 Statement.

In assessing whether there are any genuine disputes of material fact, "a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (citation omitted). Summary judgment is inappropriate where a "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citation omitted).

"Where, as here, the parties have cross-moved for summary judgment, a reviewing court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *United States v. Bedi*, 453 F. Supp. 3d 563, 570 (N.D.N.Y. 2020) (cleaned up). "In undertaking this analysis, it bears noting that a district court is not required to grant judgment as a matter of law for one side or the other." *Id.*

## IV. DISCUSSION

### A. Plaintiff's Pro Se Status

As an initial matter, Gray is proceeding *pro se*. Accordingly, her filings in opposition to summary judgment must be "liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers." *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (observing that courts must

liberally construe pleadings and briefs submitted by *pro se* litigants in a way that raises the strongest arguments they suggest).

**B.   Local Rules Governing Summary Judgment**

Importantly, however, this lenient policy toward unrepresented litigants has some outer bounds.  *See, e.g.*, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006).  For instance, while a court should not harshly apply byzantine technical rules against an unrepresented litigant, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Nor does it "otherwise relieve [an unrepresented party] from the usual requirements of summary judgment."  *Morrison v. Dr. Pepper Snapple Grp.*, 916 F. Supp. 2d 372, 374 (W.D.N.Y. 2013) (citation omitted).

Nestle contends that the facts set out in their Statement of Material Facts should be deemed admitted because Gray failed to file a proper response to this document.  Defs.' Reply, Dkt. No. 65 at 9–10.[5]  Under this District's Local Rules, the party opposing summary judgment is obligated to file a response to the movant's Statement of Material Facts that "mirror[s] the movant's Statement . . . by admitting and/or denying each of the movant's assertions" and, in the case of a denial, setting forth "a specific citation to the record

---

[5]  Pagination corresponds with CM/ECF.

where the factual issue arises." N.D.N.Y. L.R. 56.1(b) (2021 ed.). Where, as here, the non-movant is a *pro se* litigant, counsel for the movant must "send a notice to the pro se litigant" cautioning them that, *inter alia*, "the pro se litigant's failure to respond to the motion may result in the Court entering a judgment" against them. *Id.* at 56.2.

Nestle complied with this requirement. Defendant served Gray with a document entitled "notification of the consequences of failing to respond to a summary judgment motion." Dkt. No. 65-11. As relevant here, this notice warns the non-movant that a "proper response" to summary judgment requires, *inter alia*, the party to submit "[a] response to the defendants' statement of material facts that admits and/or denies each of the defendants' assertions in matching numbered paragraphs, and that supports each denial with citations to record evidence." *Id.* (explanatory footnotes omitted).

A review of Gray's opposition submissions, and in particular the document she has labeled "Rule 56.1 Statement of Material Facts," reveals that she has not complied with this requirement. *See generally* Dkt. No. 68; *see also* Dkt. No. 68-4 (referencing other exhibits filed by plaintiff). Even accounting for plaintiff's *pro se* status, she has not properly controverted the relevant material facts identified by defendant. Accordingly, defendant's undisputed facts will be deemed admitted.

## C. **Defendant's Motion for Summary Judgment**

Broadly construed, Gray's operative complaint asserts state law claims for products liability.[6]  *See, e.g.*, *Wilson v. Neighborhood Restore Development*, 2018 WL 390143, at *3 (E.D.N.Y. May 18, 2018) (construing *pro se* plaintiffs' allegations under state law where plaintiff alleged claims for, *inter alia*, breach of the warranty of habitability, negligence, and personal injury).

In New York, there are four different products liability theories a plaintiff may pursue: (1) strict liability; (2) negligence; (3) express warranty or contract; and (4) implied warranty or contract.  *See, e.g.*, *Lara v. Delta Int'l Mach. Corp.*, 174 F. Supp. 3d 719, 740 (E.D.N.Y. 2016); *Arnolad v. Krause, Inc.*, 232 F.R.D. 58, 69 (W.D.N.Y. 2004).

Upon review, Nestle is entitled to summary judgment in this action no matter which way the Court analyzes Gray's claims.  Regardless of whether or not defendant's facts are deemed admitted under Rule 56.1, plaintiff has failed to show that a reasonable jury could return a verdict in her favor on any claim related to her consumption of Poland Spring water.  As defendant correctly explains in its moving brief, a products liability plaintiff must

---

[6]  Gray's amended complaint alleges that she is a New York resident, that Nestle's "principle [sic] place of business" is in Maine, and that defendant "carries on business" across the country.  Where, as here, there are no federal claims asserted in a pleading, a federal court can only exercise subject matter jurisdiction if (a) the parties are "diverse" and (b) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Although information about defendant's state of incorporation would have been helpful, defendant does not assert a jurisdictional challenge.

present admissible evidence from which a reasonable factfinder could conclude that Poland Spring water caused her alleged injuries.  Def.'s Mem., Dkt. No. 65-10 at 10–11.

However, a review of Gray's 200+ page filings confirms that she has not done so.  *See* Dkt. No. 68.  To the contrary, plaintiff's various filings and "supporting" documents are, at best, *ipse dixits*—these filings support her claims of harm traceable to the Poland Spring water she consumed only because she appears to believe that they do.

But as defendant correctly emphasizes in its reply memorandum, Gray has offered no evidence at all in support of her assertion that she was exposed to any contaminant in the Poland Spring water she consumed, let alone a contaminant that could have caused the injuries of which she complains.  Accordingly, defendant's motion for summary judgment must be granted.[7]

## V.  CONCLUSION

Therefore, it is

ORDERED that

---

[7]  Indeed, a review of Gray's filings strongly suggest that this suit lacks an arguable basis in either law or fact.  Plaintiff frequently litigates *pro se* in this District, sometimes about products liability matters.  *Gray v. Fidelity Investment*, 1:22-CV-41, *Gray v. U.S. Dep't of Justice*, 1:21-CV-803, *Gray v. Amazon.com, Inc.*, 1:21-CV-116, *Gray v. Capstone Financial*, 1:20-CV-896, *Gray v. Fidelity Investment*, 1:20-CV-718, *Gray v. American Broadcast Company*, 1:20-CV-716, *Gray v. Amazon*, 1:20-CV-715, *Gray v. GC Services/Apple*, 1:20-CV-714.  These cases are routinely dismissed for failure to assert plausible claims for relief.

1. Defendant's motion for summary judgment is GRANTED;

2. Plaintiff's motion for summary judgment is DENIED;

3. Plaintiff's amended complaint is DISMISSED.

The Clerk of the Court is directed to terminate the pending motions, enter

a judgment accordingly, and close the file.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  July 28, 2022
        Utica, New York.